**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE**

| | | |
|---|---|---|
| RUFUS SMITH, et al, | ) | CASE NO.: 3:11-CV-345-TJC-MCR |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | JUDGE CORRIGAN |
| | ) | |
| CONSOLIDATED CITY OF | ) | |
| JACKSONVILLE, et al, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MOTION TO CONSOLIDATE**

Plaintiffs, through counsel, move this Court to consolidate this case with *United States v. Consolidated City of Jacksonville*, United States District Court for the Middle District of Florida Case No.:  3:12-cv-00451 and *Equal Employment Opportunity Commission v. IAFF Local 133*, United States District Court for the Middle District of Florida Case No.: 3:12-cv-00491.

These cases involve the promotional processes used in the Jacksonville Fire & Rescue Department ("JFRD") spanning a course of several promotional cycles for several ranks.   As a result, all these case have overlapping issues that must be resolved in combination in order to avoid possible conflicting orders and to avoid unnecessarily multiplication of the litigation in this Court.

**I.      Background and Parties**

**A.      Organization of Jacksonville Fire & Rescue Department**

A brief description of  JFRD is required in order to provide context.  JFRD is organized into two operational divisions.  Suppression encompasses the traditional firefighting operations

associated with fire departments.  Rescue, on the other hand, operates the emergency medical response units.

There is but one rank of Engineer for all of JFRD, but for higher ranks JFRD does not have a unified chain of command.  Rather, each division has its own complement of officers from Lieutenant through District Chief with no cross-over between the Divisions.  For example, a Lieutenant in Suppression cannot also serve as a Lieutenant in Rescue.  In order to obtain the rank in each division, a firefighter candidate must successfully complete the promotional examination process for that rank.

**B.**      ***United States v. City of Jacksonville***
         **United States District Court Middle District of Florida**
         **Case No.: 3:12-cv-00451-TJC-MCR**

This case – filed almost a year after Plaintiffs filed their original action in this case – relates to the promotional process for 4 ranks – Engineer, Suppression Lieutenant, Suppression Captain, and Suppression District Chief.  There are no claims relating to any promotional process for any Rescue officer rank.

The USDOJ has filed suit under its authority pursuant to  42 U.S.C. § 2000e-6, generally referred to a "Section 707 authority."  Under this statute, the United States Attorney General is invested with the inherent authority to file suit "whenever the Attorney General has reasonable cause to believe that any person or group of persons is engaged in a pattern or practice of resistance to the full enjoyment of any of the rights secured" by Title VII relating to equal employment opportunities.  42 U.S.C. § 2000e-6(a).  No charges of discrimination are required to be filed in order for the Attorney General to institute any action under this statute.

This contrasts with suits brought by the Attorney General ("USDOJ") pursuant to 42 U.S.C.§ 2000e-5, which deals exclusively with civil actions stemming from charges of

discrimination filed by individuals aggrieved or charges filed by the Equal Employment

Opportunity Commission, generally referred to as "Section 706 authority."

As such, the rights and remedies sought by the Attorney General in its case are not

coextensive with those sought by the individuals in their claims against the City.   Therefore, the

Attorney General may or may not adequately protect the rights of or advance the interests of the

Plaintiffs in this case.

In order to protect their interests, the Plaintiffs' case should be consolidated with both the

United States v. City of Jacksonville and EEOC of IAFF Local 133 cases.

**C.**      ***EEOC v. IAFF Local 133***
         **United States District Court Middle District of Florida**
         **Case No.: 3:12-cv-00491-TJC-TEM**

This case is filed by the EEOC against the bargaining unit for the JFRD uniformed

personnel relating to the promotional process used by JFRD .  The union has involved itself in

the promotional process through the collective bargaining agreement, where it has negotiated

provisions relating to the promotional process to be used despite the Charter for the Consolidated

City of Jacksonville expressly prohibiting promotions being a subject for collective bargaining.

Moreover, the promotional process in place at JFRD due to the collective bargaining

agreement provisions have had an adverse impact on minorities for many, many years.  Holding

the union responsible for its involvement in the creation and maintaining of practices that have a

discriminatory impact on minorities is not new.  See, e.g. *Local 189, United Papermakers and*

*Paperworkers, AFL-CIO, CLC v. United States,* 416 F.2d 980 (5th Cir. 1969), cert. denied 90

S.Ct. 926, 397 U.S. 919.

While the EEOC suit against the Union involves many of the same issues as those raised by the Plaintiffs, as with the Attorney General, the rights and remedies sought by the Plaintiffs are not necessarily coextensive with those of the EEOC.

## II.    Law and Argument

Consolidation is governed by Fed.R.Civ.P. 42(a), which states:

(a) Consolidation.  If actions before the court involve a common question of law or fact, the court may:
    (1) Join for trial or hearing any or all matters at issue in the actions;
    (2) Consolidate the actions; or
    (3) Issue any other orders to avoid unnecessary cost or delay.

Consolidation is in the discretion of the trial court.  *Chang v. United States,* 217 F.R.D. 262, 265 (D.D.C. 2003):

Generally speaking, when exercising their discretion with respect to consolidation of actions, courts weigh considerations of convenience and economy against considerations of confusion and prejudice. Id. Consolidation may increase judicial efficiency by reducing presentation of duplicative proof at trial, eliminating the need for more than one judge to familiarize themselves with the issues presented, and reducing excess costs to all parties and the government. Consolidation is particularly appropriate where, as here, "two cases each involve review of the same underlying decision."

*Id.* (citations omitted). *See, also, Blasko v. Wash. Metro. Area Transit Auth.,* 243 F.R.D. 13, 15 (D.D.C. 2007):

Consolidation of actions under Rule 42(a) is "a valuable and important tool of judicial administration." It helps to "relieve[] the parties and the [c]ourt of the burden of duplicative pleadings and [c]ourt orders." To determine whether consolidation is appropriate, a court should consider both equity and judicial economy. If "savings of expense and gains of efficiency can be accomplished without sacrifice of justice," a court may find the actions merit consolidation.
\*\*\*
Actions that involve the same parties are apt candidates for consolidation. Moreover, consolidation is particularly appropriate when the actions are likely to involve substantially the same witnesses and arise from the same series of events or facts…. In short, "courts weigh considerations of convenience and economy against considerations of confusion and prejudice."

*Id.* (internal quotations omitted).

4

It is not a prerequisite to consolidation that there be a complete identity of legal and factual issues posed in the cases which are the subject of the request. *Thayer v. Shearson, Loeb, Rhoades, Inc*., 99 F.R.D. 522 (W.D.N.Y. 1983). Rather, as long as there are some common questions of either law or fact, the Court has the flexibility under Rule 42 to allow cases to proceed jointly with respect to such matters in which joint proceedings would not be unduly prejudicial and would be an effective utilization of judicial resources. *Brewer v. Republic Steel Corp*., 64 F.R.D. 591 (N.D. Ohio 1974), aff'd 513 F.2d 1222 (6th Cir. 1975).

Resolution of these claims of each of these cases is going to necessarily involve all the parties to all the cases sought to be consolidated – whether through a fairness hearing or active involvement in this litigation together.  It is Plaintiffs' position that all these cases should be consolidated to more efficiently administer them through the judicial process, hopefully being able to reach a proper and effective resolution to the issues therein.

**A.     Defendant City's contention regarding contemporaneous proceedings is incorrect**

Defendant City contended in its brief in opposition to Plaintiffs first motion to consolidate that Plaintiffs could not maintain their action because the Attorney General had filed its own action, thereby precluding them from pursuing their individual claims as "duplicative actions."  To support this argument, the City cited *EEOC v. Frank's Nursery & Crafts, Inc.*, 177 F.3d 448, 456 (6th Cir. 1999) and *Fritz v. FinancialEdge Community Credit Union*, 835 F.Supp.2d 377 (182-82 (E.D. Mich. 2011).  Defendant City's contention in this regard is simply incorrect and neither case stands for the proposition of law claimed by the City as applied to the facts of this case.

First, Defendant City's argument regarding duplicative proceedings relates only to those circumstances that involve Section 706 (42 U.S.C. § 2000e-5) actions by the Attorney General,

that is, where the Attorney General files suit based upon an individual charge filed against a government entity.  As noted above, the Attorney General has filed its action pursuant to its inherent authority pursuant to Section 707 (42 U.S.C. § 2000e-6), and not pursuant to Section 706.

In this case, each of the Plaintiffs either filed their own individual charges or were included in the class of individuals for whom EEOC charges were timely filed.  Each Plaintiff who filed a charge has received their own individual right to sue notification letters[1] and has filed their individual actions as provided by 42 U.S.C. § 2000e-5.  No agency – federal or state -- has filed suit on any Plaintiff's behalf pursuant to any of their individual charges.  Indeed, Plaintiffs filed their action in 2011 – a year before either the USDOJ or the EEOC filed their own suits based upon their own charges of discrimination or statutory authority.

Moreover, since all of the pertinent right to sue notifications have been issued to the Plaintiffs by the respective federal agencies to the Plaintiffs for their claims against the City of Jacksonville and the Union, each of them can maintain their own lawsuit now.  42 U.S.C. § 2000e-5(f)(1); 29 C.F.R. § 1601.28(a); see, also, *EEOC v. Frank's Nursery & Crafts, Inc.*, 177 F.3d at 455-56.

## III.    Conclusion

Therefore, for the foregoing reasons and argument, Plaintiffs' motion to consolidate should be granted and the cases of *United States v. City of Jacksonville* and *EEOC v. IAFF Local 133* be consolidated with this case.

Plaintiffs' counsel certifies that they have communicated with counsel for the United States and EEOC and they do not oppose this motion.

---

[1] At the time the suit was originally filed, it was to attempt to stop the administration of the Lieutenant – Suppression promotional examination.  At that time, the right-to-sue notifications were pending.  The actual receipt of the right-to-sue notifications from the EEOC and USDOJ occurred after the filing of the complaint.

Respectfully submitted,

*/s/ Dennis R. Thompson*
Dennis R. Thompson
Ohio Reg. # 0030098
tmpsnlaw@sbcglobal.net
Christy B. Bishop
Ohio Reg. # 0076100
bishopchristy@gmail.com
Thompson & Bishop Law Offices
946 Kenmore Boulevard
Village of Kenmore
Akron, Ohio 44314
330-753-6874
330-753-7082 (facsimile)

*/s/ Neil Henrichsen*
Neil Henrichsen
Florida Reg. # 0111503
Henrichsen & Seigel
1648 Osceola Street
Jacksonville, FL 32204
904-381-8183
Fax: 904-381-8191
www.hslawyers.com

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

A copy of the foregoing was sent to all counsel of record via ecf electronic notification and counsel for the United States Department of Justice and Equal Employment Opportunity Commission this 25 day of September, 2012.

*/s/ Dennis R. Thompson*
Dennis R. Thompson